## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### OCTOBER 1998 SESSION



FILED

**January 13, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9710-CR-00410** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. ARTHUR T. BENNETT,** |
| **HOWARD EPPS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:                     FOR THE APPELLEE:

**PAULA SKAHAN**
140 North Third St.
Memphis, TN 38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DOUGLAS D. HIMES**
Asst. Attorney General
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JAMES A. WAX, JR.**
        and
**GLEN BAITY**
Asst. District Attorney General
201 Poplar Ave., Third Fl.
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

On February 20, 1996, the defendant was indicted for rape of child in violation of T.C.A. § 39-13-522. On September 16, 1997, the defendant pled guilty to rape pursuant to a plea bargain agreement and received an eight year sentence. After a sentencing hearing, the defendant was sentenced as a Range I offender to eight years to be served in the Tennessee Department of Correction.[1] On appeal, the defendant contends that the trial court erred in denying him full probation rather than incarceration.

After a review of the record and the applicable law, we affirm the defendant's sentence.

The defendant was indicted for acts of molestation that occurred from 1990 through 1995. The proof showed that the defendant sexually molested his next door neighbor's daughter on at least several occasions.[2] The defendant was best friends with his neighbor and they often drank beer at each other's house on week nights. The defendant's wife would often babysit for the neighbors while they were at work. When the victim was about seven years old, the defendant began to touch her vaginal area with his mouth and hands. The defendant then told the victim if she told anyone he would kill her.[3] This abuse continued until the victim reached twelve years of age. It was at this

---

[1] The sentencing court did leave open the possibility that the defendant could be sentenced to a secured mental facility. However, the transcript of the subsequent hearing that was held on October 15, 1997, with regard to this issue was not included in the record on appeal. The defendant contends that this transcript is irrelevant because nothing happened at that hearing except that the court's judgment was executed and the question of a secured mental facility that would accept the defendant was not addressed because the defendant was released on an appeal bond.

[2] Although the record is not entirely clear as to exactly how many times the defendant molested the victim, it is clear that the molestation occurred over a five year period and included several incidents.

[3] The record on appeal included a letter written by the defendant's granddaughter in which she described at least one incident where the defendant touched her breasts and vaginal area but stopped when asked. The defendant's granddaughter also wrote that the defendant had never threatened her in

2

point that her parents began noticing behavioral problems and ended up sending her to Lakeside Hospital. It was here that the victim finally "told" on the defendant.

After the police were notified and the defendant was questioned with regard to the allegations, the defendant began to suffer from depression. The defendant was put into the hospital where he attempted suicide. It was at this point that he received electric shock therapy as a treatment for his depression. This therapy apparently caused a temporary loss of memory. In addition, the defendant's current doctor testified that he believes the defendant is now suffering from Alzheimer's disease which has resulted in the rapid and severe deterioration of the defendant's memory. The defendant also suffers from severe hypertensive cardiovascular disease, myocardial ischemia, angina, high blood pressure, and tremors.

The defendant now contends that the trial court erred in denying him full probation based on the nature of the offense when the offense was not of an excessive or exaggerated degree and was not outweighed by other factors and where the defendant has no memory of the offense and there is no danger of his committing another offense.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166,

---

any way.

169 (Tenn. 1991).

The defendant bears the burden of showing that the sentence was improper. Id. In determining whether the defendant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. § 40-35-103(5), 40-35-210(b).

The defendant insists that he should have received full probation. We note that the defendant has the burden of establishing suitability for full probation. T.C.A. § 40-35-303(b). "To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). The defendant has not met this burden.

The defendant argues that the only basis upon which the trial court relied in denying probation was the nature and circumstance of the offense which, in this case, was not enough to justify a denial of probation. The trial judge actually stated that "because of the enormity of this situation that it would depreciate the seriousness of this offense if the Court granted probation in this matter at this time. I don't think the defendant would benefit by the Court granting it either. Society wouldn't."

In order for a trial court to "deny an alternative sentence based on the seriousness of the offense, 'the circumstances of the offense as committed must be

especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). It is the opinion of this Court that the young age of the victim, the fact that this abuse occurred over a span of five years, the violation of a position of private trust and the circumstances surrounding the incident[4] are enough to support a finding that the defendant's conduct was shocking, reprehensible and offensive to such a degree that the nature of the offense outweighs all factors favoring a sentence other than confinement.[5] See State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Therefore, the record clearly supports the trial court's finding that confinement was necessary in order to avoid depreciating the seriousness of the offense.

The trial court's denial of alternative sentencing is also supported by the defendant's long history of criminal conduct with regard to the victim (and evidently his granddaughter), indicating a lack of potential for rehabilitation. This indication is further supported by the allegations of abuse made by the defendant's granddaughter.

We note that the defendant's brief goes into detailed argument regarding the defendant's lack of memory regarding the offense. The defendant argues that "[o]ne cannot be punished for something one does not remember." The defendant cites no authority for this proposition and this Court is unaware of any authority supporting this

---

[4] The defendant not only performed oral sex on an eight year old girl, he then threatened her with death if she told anyone.

[5] These factors are set out by the defendant as: lack of a prior criminal history, excellent social history, good work history, the bleakness of his present physical and mental condition, physical and mental problems, that there would be no deterrent effect upon the defendant from incarceration because he is no longer a threat to anyone, the defendant's incarceration would not have a general deterrent effect, and the defendant's lack of memory regarding the offense. These factors are not enough to outweigh the nature of this offense.

proposition. This contention is wholly without merit. To allow a defendant to evade punishment based on the assertion that he or she does not remember committing the crime would be an injustice, not only to the victim but to society as well. A defendant who does not remember past crimes is likely to "forget" about future crimes as well if he is able to avoid punishment the first time.

In light of the foregoing, it is clear the defendant has not established his suitability for full probation. As such, it was not error for the trial court to sentence the defendant to serve the eight year sentence in incarceration.

Accordingly, the defendant's sentence is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
L. T. LAFFERTY, Special Judge